## Boyajian, Appellant, *v.* Ohanian.

*Slander—Pleadings—Variance—Evidence.*

In an action for slander where the statement averred that on a specified day, and at other times during the same month, certain words charging the plaintiff with adultery were uttered, and the evidence at the trial showed that the words substantially as charged were uttered during the month, and no question as to variance was raised at the trial and no bill of particulars demanded, a verdict for the plaintiff should be sustained, and judgment entered thereon.

Argued Dec. 1, 1914. Appeal, No. 19, Oct. T., 1914, by plaintiff, from order of C. P. No. 3, Philadelphia Co., June T., 1911, No. 3706, entering judgment for defendant n. o. v., in case of Marie Boyajian v. Garabed Ohanian. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Reversed.

Trespass for slander. Before FERGUSON, J.

At the trial the jury returned a verdict for plaintiff for $1,000. On a rule for judgment n. o. v. the court in an opinion by FERGUSON, J., entered judgment for defendant on the ground of a fatal variance between the statement of claim and the proofs at the trial.

614, (1915).] Assignment of Error—Opinion of the Court.

*Error assigned* was in entering judgment for defendant n. o. v.

*Henry J. Scott,* for appellant, cited: Wills v. Church, 5 S. & R. 190; McConnell v. McCoy, 7 S. & R. 222; Wallace v. Rodgers, 156 Pa. 395; Price v. Conway, 134 Pa. 340; Leitz v. Hohman, 16 Pa. Superior Ct. 276; Brown v. Gilmore, 92 Pa. 40.

*William A. Gray,* for appellee, cited: National Bank v. Lake Erie Asphalt Block Co., 233 Pa. 421; Cooper v. Bruce, 2 Watts 109; Tipton v. Kahle, 3 Watts 90; Johnston v. Tate, 6 Binn. 121; Price v. Conway, 134 Pa. 340; Leitz v. Hohman, 16 Pa. Superior Ct. 276; Lewis v. Hevner, 38 Pa. C. C. R. 559; Naulty v. Bulletin Co., 206 Pa. 128; Goebler v. Wilhelm, 17 Pa. Superior Ct. 432; Good v. Grit Pub. Co., 36 Pa. Superior Ct. 238; McGreary v. Leader Pub. Co., 52 Pa. Superior Ct. 35.

OPINION BY TREXLER, J., October 11, 1915:

This was an action to recover damages in slander. The jury returned a verdict in favor of the plaintiff. The court below entered judgment in favor of the defendant n. o. v. for the reason that there was a substantial variance between the plaintiff's statement and the proof. We think the verdict should stand. The plaintiff's statement sets forth that on or about the 20th day of July, 1911, and at various other times in said month of July, the defendant stated that "Mrs. Boyajian had connection with one Karakin Miranshahian at George's Hill, Fairmount Park and got two dollars for it." The proof offered was confined to the month of July, the time set forth in the statement. It is true it was not confined to the particular date of July 20th, but was within the period "on or about the 20th day of July and at various other times during the month of July." There was therefore no variance as to the time. When we inquired as to whether the words charged were proven to

have been uttered substantially as they were set forth, we find upon reading the testimony that they were. Whilst upon some occasions defendant referred to the acts of the participants in the alleged misconduct as having "free lunch," he also definitely declared at other times that they had had connection and that was what he meant by the use of the term "free lunch." We think the learned court was drawing the line too fine in holding that there was no proof of slander. We do not purpose in this opinion to review the testimony at any length, but we select as an example a part of the testimony of the husband, narrating a conversation between him and the defendant on July 27th: "Q. Did you tell him when he came there, or did he say to you, what it was that he had said about your wife? A. He said that my wife had a connection———. By the Court: Q. Did he tell you on that day what he said about your wife? A. Yes, sir. Q. Or did you tell him what you heard he had said about your wife? A. He said, 'Your wife had done it with Karakin Miranshahian,' and he heard from somebody that, and he had the right to tell what he had heard." Cross-examination: "A. I didn't ask him, I told him when he asked me why I was mad, 'You know why I am mad.' I said, 'You know what you told some places to witnesses,' and he said, 'Well, your wife has done it with Karakin Miranshahian, and I heard it, and somebody told me, and I think I have the right to tell anybody else.' "

The above testimony as well as that of other witnesses amply supported the verdict. The plaintiff was not required to prove all the words alleged so long as he proved sufficient of the precise words to constitute a cause of action. 25 Cyc. 484; Pepper & Lewis, Digest of Decisions, Vol. XI, col. 18542. The case was tried on its merits; no objection was urged at the trial to any variance between the pleadings and the evidence. The defendant had asked for no bill of particulars, he denied uttering the alleged slander and later at the trial sought

614, (1915).]            Opinion of the Court.

to justify it.  Under such circumstances, the verdict should be allowed to stand.

The judgment is reversed and the record is remitted with directions to enter judgment in favor of the plaintiff with accrued interest.