## Boyajian *v.* Ohanian, Appellant.

*Slander—Justification—Proof of charge—Evidence.*

In an action for slander the trial judge cannot be convicted of error in not submitting to the jury the evidence offered by the defendant to prove the truth of his statements, if it appears that such evidence was too meagre to support the charge.

Argued Nov. 9, 1916. Appeal, No. 367, Oct. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1911, No. 3706, on verdict for plaintiff in case of Marie Boyajian v. Garabed Ohanian. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for slander.. See former report of the case in 60 Pa. Superior Ct. 614.

At the trial the court refused defendant's point as follows:

"If the jury believed that the alleged defamatory words are true, the plaintiff cannot recover."

Verdict and judgment for plaintiff for $1,000.   Defendant appealed.

*Error assigned,* amongst others, was refusal of defendant's point as above.

*William A. Gray,* for appellant.

*Henry J. Scott,* for appellee.

OPINION BY TREXLER, J., December 18, 1916:

With one exception the same questions are raised in this appeal as have already been considered in the former appeal in this case reported in 60 Pa. Superior Ct. 614. The verdict was for the plaintiff, the lower court entered judgment non obstante, upon appeal we reversed the judgment and directed that judgment be entered on the verdict.   The defendant now appeals.

The plaintiff's statement claims damages for slander. We held in the first appeal that the words found in the statement were proven to have been uttered substantially as they are set out.   After again reading the testimony we are convinced as to the correctness of our conclusion.

In our former opinion we alluded to the admission of the defendant that he had made the charges against the plaintiff.   Although made after the capias was issued, it was proper to refer to it not as forming the basis of the suit, but as corroborative of the other testimony in regard to the slander.

The only new matter presented by the defendant is the contention that the learned trial judge erred in not sub-

mitting to the jury the evidence offered by the defendant to prove the truth of his statements. The attempt to justify failed. The evidence was too meagre to support the charge. It was incumbent upon the defendant to offer some testimony possessing probative value as to the facts alleged. In the absence of this, the court could not properly leave the question to the jury.

As was stated in the first appeal, the case was tried on its merits, no objection was urged at the trial to any variance between the pleadings and the evidence. The defendant denied uttering the slanderous words and afterwards sought to justify them. We find no error in the case as it was submitted to the jury.

· The judgment is affirmed.